1
2
3
4
5
6
7           **UNITED STATES DISTRICT COURT**
8              **DISTRICT OF NEVADA**
9
10   TRACY GRECO,                              Case No. 2:17-cv-02362-JCM-NJK
11          Plaintiff,                         **REPORT AND RECOMMENDATION**
12   v.
13   NANCY A. BERRYHILL,
            Acting Commissioner of Social Security,
14
            Defendant.
15

16      This case involves judicial review of administrative action by the Commissioner of Social
17   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits
18   pursuant to Title II of the Social Security Act.  The Court has considered Plaintiff's motion for
19   reversal and/or remand, the Commissioner's countermotion to affirm, and the Commissioner's
20   response to Plaintiff's motion.  Docket Nos. 18, 21, 22.  No reply was filed.  This action was
21   referred to the undersigned magistrate judge for a report of findings and recommendation.

22   **I.      STANDARDS**

23          A.      Judicial Standard of Review

24      The Court's review of administrative decisions in social security disability benefits cases
25   is governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).
26   Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of
27   Social Security made after a hearing to which he was a party, irrespective of the amount in
28   controversy, may obtain a review of such decision by a civil action . . . brought in the district court

1

of the United States for the judicial district in which the plaintiff resides."  The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).  When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence.  The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.  *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

1

    B.    Disability Evaluation Process

2        The individual seeking disability benefits bears the initial burden of proving disability.

3 *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, the individual must

4 demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

5 determinable physical or mental impairment which can be expected . . . to last for a continuous

6 period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  If the individual establishes an

7 inability to perform his prior work, then the burden shifts to the Commissioner to show that the

8 individual can perform other substantial gainful work that exists in the national economy. *Reddick*,

9 157 F.3d at 721.

10       The ALJ follows a five-step sequential evaluation process in determining whether an

11 individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520,

12 416.920).  If at any step the ALJ determines that he can make a finding of disability or

13 nondisability, a determination will be made and no further evaluation is required.  *See Barnhart v.*

14 *Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4).  The first step requires the

15 ALJ to determine whether the individual is currently engaging in substantial gainful activity

16 ("SGA").  20 C.F.R. § 416.920(b).  SGA is defined as work activity that is both substantial and

17 gainful; it involves doing significant physical or mental activities usually for pay or profit.  20

18 C.F.R. § 416.972(a)-(b).  If the individual is currently engaging in SGA, then a finding of not

19 disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second

20 step.

21       The second step addresses whether the individual has a medically determinable impairment

22 that is severe or a combination of impairments that significantly limits him from performing basic

23 work activities.  20 C.F.R. § 416.920(c).  An impairment or combination of impairments is not

24 severe when medical and other evidence establish only a slight abnormality or a combination of

25 slight abnormalities that would have no more than a minimal effect on the individual's ability to

26 work.  20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the individual

27

28      [1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224

3

does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must

---

(9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    BACKGROUND

### A.    Procedural History

On January 30, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of December 5, 2013.  Administrative Record ("A.R.") 139-151.  Plaintiff's claims were denied initially on April 7, 2014, and upon reconsideration on November 13, 2014. A.R. 83-86, 88-90.  On December 11, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  A.R. 91-92.  On March 16, 2016, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ David K. Gatto.  A.R. 31-54.  On June 3, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from December 5, 2013, through the date of the decision.  A.R. 15-30.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 10, 2017.  A.R. 1-6.  On September 8, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

//

//

B.    The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on June 3, 2016.  A.R. 15-30.  At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and has not engaged in substantial gainful activity since December 5, 2013. A.R. 17.  At step two, the ALJ found that Plaintiff has the following medically determinable impairments: degenerative disc disease of the cervical and lumbar spine; osteoarthritis of the bilateral shoulders, right greater than left; obesity; status-post left elbow fracture with ORIF; diabetes mellitus, type II; and hypertension.  A.R. 17.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1.  A.R. 19.  The ALJ found that Plaintiff has the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she is limited to occasional climbing of stairs and ramps, balancing, stooping, and kneeling; no climbing of ladders, ropes or scaffolds, crouching or crawling; occasional reaching overhead, pushing and pulling with the bilateral upper extremities; frequent lateral reaching, bilaterally; frequent fingering with the right hand; occasional exposure to temperature extremes and vibration; no exposure to workplace hazards; and, [Plaintiff] requires the ability to use a cane for ambulation.

A.R. 19.  At step four, the ALJ found that Plaintiff is able to perform past relevant work as a security clerk and a customer service representative and, therefore, that she is not disabled.  A.R. 24.

Because the ALJ found Plaintiff not disabled at step four, he did not proceed to step five and denied the application for a period of disability and disability insurance benefits.  A.R. 24.

III.    ANALYSIS AND FINDINGS

On appeal, Plaintiff raises a single argument: whether the ALJ erred in partially rejecting Dr. Kristina Shurtleff's medical opinion.[2]  *See generally* Docket No. 18.  Plaintiff contends that

---

[2] Plaintiff submits that the ALJ committed reversible error by "improperly considering the treating medical opinion and improperly rejecting [Plaintiff's] testimony...."  Docket No. 18 at 3. Plaintiff, however, fails to address, let alone provide a meaningfully developed argument regarding, the ALJ's rejection of her testimony.  *See generally* Docket No. 18; *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).  The Court therefore need not address this issue.

Dr. Shurtleff diagnosed Plaintiff as totally debilitated, but that the ALJ "has neither offered a legitimate conclusion or a legally sufficient reason why he rejects" her opinion. *Id.* at 5. Plaintiff further contends that she cannot perform past relevant work as a security clerk and a customer service representative because such work "require[s] employees to keep [their] neck[s] in a fixed position," which she is unable to do as a result of her shoulder pain. *Id.* at 6.

In response, the Commissioner submits that the ALJ appropriately resolved conflicts within the record and that substantial evidence exists to support his findings. Docket No. 21 at 6-9. The Commissioner further submits that the ALJ properly rejected Dr. Shurtleff's prior opinions and accepted her more recent opinions because: (1) Dr. Shurtleff's prior opinions were inconsistent with various MRIs, x-rays, physical examinations, and Plaintiff's conservative treatment; (2) the ALJ properly relied on the state agency physicians' interpretations of the record that Dr. Shurtleff relied on Plaintiff's subjective complaints and that her opinion was inconsistent with the record; and (3) the ALJ properly relied on Dr. Shurtleff's most recent finding as to Plaintiff's limitations because it was consistent with the overall record. *Id.* (internal citations omitted).

The ALJ gives three reasons for partially rejecting Dr. Shurtleff's opinion. A.R. 22. First, the ALJ states that Dr. Shurtleff's opinion that Plaintiff's pain will limit her for the rest of her life is not supported by the objective evidence. *Id.*; *see also* Docket No. 21 at 6-7. The ALJ discusses Plaintiff's MRIs and x-rays, which indicate, *inter alia*, discogenic joint disease, disc narrowing, and some disc desiccation. A.R. 20. The ALJ notes, however, that Plaintiff's physical examinations "have generally been normal or largely unremarkable," in comparison to the limitations found by Dr. Shurtleff. A.R. 21; *Compare* A.R. 281-288 *with e.g.*, A.R. 290 (no complaints except normal joint pain), 291 (no back tenderness, despite Plaintiff's complaints as to back pain), 294 (complaints as to right shoulder pain and backaches, finding no back tenderness, but right shoulder limitation), 295 (complaints as to joint pain), 357 (no back tenderness, despite Plaintiff's complaints as to back pain). Additionally, the ALJ discusses that Plaintiff has had conservative treatment, as evidenced by her request for conservative pain management (A.R. 343), her decision to not take certain prescribed medication (A.R. 342), and "limited physical therapy." A.R. 21 (citing A.R. 318-340). The Ninth Circuit has found that these reasons are proper for an

7

1    ALJ to consider.  *See e.g.*, *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) (finding that an

2    ALJ may discount a treating physician's opinion if it is inconsistent with the record and

3    inadequately supported by clinical findings).  The Court therefore finds that the ALJ provided

4    sufficient reasons supported by substantial evidence in partially rejecting Dr. Shurtleff's opinion.

5         Next, the ALJ partially rejected Dr. Shurtleff's opinion because Dr. Shurtleff's recent

6    treatment notes conflict with her previous treatment notes.  A.R. 22.  In a letter from January 14,

7    2015, Dr. Shurtleff indicates that Plaintiff's shoulder, neck, and lower back pain and numbness

8    "would likely increase if she were placed in a competitive work environment."  A.R. 415.  In the

9    same letter, however, Dr. Shurtleff indicates that Plaintiff is capable to work in a "predominantly

10   sitting position, 8 hours a day, 5 days a week in a competitive work environment."  *Id.*; *see also*

11   *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (Finding the ALJ had "clear and

12   convincing" reason to discredit treating doctor's opinion when it contradicted the doctor's clinical

13   notes).  The ALJ afforded this latter assessment great weight because it is supported by, and

14   consistent with, the objective medical evidence, Plaintiff's physical examinations, treating records,

15   and the record as a whole.  A.R. 22.  Further, as the Commissioner submits, the portions of Dr.

16   Shurtleff's January 14, 2015, letter which the ALJ rejected "simply mirror her February 2014

17   opinion … which the ALJ had already rejected, consistent with [the state agency physician's]

18   opinion."  Docket No. 21 at 8.  An ALJ need not agree with the entirety of a medical opinion, but

19   must provide a sufficient explanation for doing so.  *See Magallanes v. Bowen*, 881 F.2d 747, 753

20   (9th Cir. 1989) ("It is not necessary to agree with everything an expert witness says in order to

21   hold that his testimony contains 'substantial evidence'.") (internal citation omitted); *see cf.*

22   *Zumwalt v. Astrue*, 241 F. App'x 385, 387 (9th Cir. 2007) (finding that the ALJ provided specific

23   and legitimate reasons for partially rejecting a non-examining physician's opinion, where the ALJ

24   stated, *inter alia*, that the physician's opinions were not well supported by other evidence in the

25   record and the limitations in the physician's record were "inconsistent with his less restrictive

26   narrative").  The Court therefore finds that the ALJ provided sufficient reasons supported by

27   substantial evidence for partially rejecting Dr. Shurtleff's opinion.

28

Finally, the ALJ partially rejected Dr. Shurtleff's opinion because he gave some weight to the state agency physicians, whose review of the record found that Dr. Shurtleff's opinion "was inconsistent with the record and relied on Plaintiff's subjective complaints." Docket No. 21 at 7; *see also* A.R. 22; *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012); *cf. Buapha v. Berryhill*, 2018 U.S. Dist. LEXIS 26198, at *20-23 (D. Nev. Jan. 12, 2018) (finding that an ALJ may reject an opinion which is determined to be based on the plaintiff's subjective symptoms, as opposed to objective medical evidence). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957; *see also Batson*, 359 F.3d at 1195 (Affirming the ALJ's rejection of treating physicians' opinions because they were based on, *inter alia*, the plaintiff's subjective complaints and conflicted with the results of a consultative medical evaluator's findings). The Court therefore finds that the ALJ properly relied on the state agency physicians' opinions to partially reject Dr. Shurtleff's opinion.

For these reasons, the undersigned concludes that the ALJ's reasons in partially rejecting Dr. Shurtleff's opinion were supported by substantial evidence and, therefore, that he did not err in finding that Plaintiff is not disabled.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 18) be **DENIED** and that the Commissioner's countermotion to affirm (Docket No. 21) be **GRANTED**.

Dated: August 24, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).